UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ANTHONY MARKIECE JACKSON
PLAINTIFF

Vs.

CASE NO:
3:11cv22-MCR-EMT

WALTER MCNEIL INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
AS SECRETARY OF FLORIDA
DEPARTMENT OF CORRECTIONS
   TIMOTHY CANNON INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
AS REGIONAL DIRECTOR OF
INSTITUTIONS.
   R. TIFFT INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY
AS WARDEN OF SANTA ROSA
CORRECTIONAL INSTITUTION
   R. BURCH INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS
GRIEVANCE COORDINATOR OF SANTA
ROSA CORRECTIONAL INSTITUTION
   ALL OTHER DEFENDANTS
AND/OR PARTIES MENTIONED
HEREIN INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES

Filed 0114'11 USDcFlnoPM1212

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

## CIVIL RIGHTS COMPLAINT FORM
TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

ANTHONY MARKEECE JACKSON
Inmate # X64264
(Enter full name of Plaintiff)

vs.

CASE NO: _____
(To be assigned by Clerk)

WALTER MCNEIL INDIVIDUALLY
AND IN HIS OFFICIAL
CAPACITY AS SECRETARY
OF FLORIDA DEPARTMENT
OF CORRECTIONS.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

ALL DEFENDANTS ARE
BEING SUED INDIVIDUALLY
AND IN THEIR OFFICIAL
CAPACITIES.

I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: ANTHONY MARQUEEE JACKSON
Inmate Number: X64264
Prison or Jail: SANTA ROSA CI
Mailing address: 5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: R. TIFT
    Official position: WARDEN
    Employed at: SANTA ROSA CI
    Mailing address: 5850 EAST MILTON ROAD
    MILTON, FLORIDA. 32583

(2) Defendant's name: WALTER MCNEIL
    Official position: SECRETARY OF DOC
    Employed at: CENTRAL OFFICE
    Mailing address: 2601 BLAIR STONE ROAD
    TALLAHASSEE, FLORIDA. 32399-2500

(3) Defendant's name: R. BURCH
    Official position: GRIEVANCE COORDINATOR
    Employed at: SANTA ROSA CI
    Mailing address: 5850 EAST MILTON ROAD
    MILTON, FLORIDA. 32583

ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

# ADDITIONAL DEFENDANTS

LT. DIERMEYER, K.W.
HOUSING LIEUTENANT
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

SGT. R.L. WILSON
DORM SEARGANT
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

OFFICER D. CARTER
HOUSING OFFICER
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

OFFICER VEEDER
HOUSING OFFICER
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

CAPTAIN LEE
HOUSING CAPTAIN
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

OFFICER P. WILLIAMS
HOUSING OFFICER
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

OFFICER JACOBS
HOUSING OFFICER
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

SGT. RAEZ
HOUSING SEARGEANT
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32585

OFFICER W. STEPHENS
HOUSING OFFICER
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

LT. SHANER W.C.
HOUSING LIEUTENANT
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

# ADDITIONAL DEFENDANTS

S.S. DOVE
CLASSIFICATION OFFICER
SANTA ROSA C.I.
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

C. GREENE
GRIEVANCE COORDINATOR
CENTRAL OFFICE
2601 BLAIR STONE ROAD
TALLAHASSEE, FLORIDA. 32399

E. STINE
GRIEVANCE COORDINATOR
CENTRAL OFFICE
2601 BLAIR STONE ROAD
TALLAHASSEE, FLORIDA. 32399-2500

OFFICER BOATRIGHT
HOUSING OFFICER
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

OFFICER CONNER
HOUSING OFFICER
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

TIMOTHY CANNON
REGIONAL DIRECTOR
CENTRAL OFFICE
2601 BLAIR STONE ROAD
TALLAHASSEE, FLORIDA. 32399-2500

LT. W.L. GIELOW
HOUSING LIEUTENANT
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

SGT. C. STEENE
HOUSING SEARGANT
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

SGT. G. CRUICKSHANK
HOUSING SARGEANT
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

OFFICER C. SMITH
D.R. INVESTIGATOR
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA. 32583

ADDITIONAL DEFENDANTS

LT. ZICK
HOUSING LIEUTENANT
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA 32583

OFFICER D. GROSSGROVE
HOUSING OFFICER
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA 32583

OFFICER A. QUEEN
HOUSING OFFICER
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA 32583

OFFICER FARRELL
HOUSING OFFICER
SANTA ROSA CI
5850 EAST MILTON ROAD
MILTON, FLORIDA 32583.

III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )            No(✓)

1. Parties to previous action:
   (a) Plaintiff(s): _____
   (b) Defendant(s): _____
2. Name of judge: _____   Case #: _____
3. County and judicial circuit: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

(Attach additional pages as necessary to list state court cases.)

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
Yes( )            No(✓)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____   Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____

3

7.  Facts and claims of case: _____

_____

(Attach additional pages as necessary to list other federal court cases.)

C.  Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )         No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.  Parties to previous action:
    a.  Plaintiff(s): _____
    b.  Defendant(s): _____
2.  District and judicial division: _____
3.  Name of judge: _____   Case #: _____
4.  Approximate filing date: _____
5.  If not still pending, date of dismissal: _____
6.  Reason for dismissal: _____
7.  Facts and claims of case: _____

_____

(Attach additional pages as necessary to list cases.)

D.  Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )         No(✓)

1.  Parties to previous action:
    a.  Plaintiff(s): _____
    b.  Defendant(s): _____
2.  District and judicial division: _____
3.  Name of judge: _____   Case Docket # _____
4.  Approximate filing date: _____   Dismissal date: _____
5.  Reason for dismissal: _____

4

6. Facts and claims of case: _____

_____

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

PLAINTIFF WAS TRANSFERRED TO SANTA ROSA CI FROM THE FLORIDA STATE PRISON ON 06/10/2010 DURING A PERIOD OF APPROXIMATELY 7 MONTHS PLAINTIFF HAS BEEN FILING AN OUTSTANDING AMOUNT OF GRIEVANCES CHALLENGING THE CONDITIONS AT SANTA ROSA CI WHERE MULTIPLE OFFICIALS WERE VIOLATING THE RIGHTS OF THE INMATES. BECAUSE OF THIS, PLAINTIFF WAS RETALIATED AGAINST AND SUBJECTED TO CRUEL, UNUSUAL, EXCESSIVE AND UNJUSTIFIED PUNISHMENTS.

1. DEFENDANTS MCNEIL, TIFFT, AND CANNON ARE LIABLE UNDER FLORIDA LAW (WHICH WILL NOT BE CITED TO).

2. RETALIATION STARTED APPROXIMATELY 11/15/2010 WHEN PLAINTIFF GOT A D.R. FOR DISRESPECT TO OFFICIAL W. STEPHENS. PLAINTIFF ON 11/08/2010 FILED 2 INFORMAL GRIEVANCES TO WARDEN R. TIFFT. 1 WAS REPLIED TO BY R. BURCH GRIEVANCE COORDINATOR, THE OTHER BY LT. DIERMEYER STEPHENS SUPERVISOR. BOTH GRIEVANCES STATED THAT OFFICER W. STEPHENS HAD BEEN AND WAS PRESENTLY VIOLATING THE RIGHTS OF THE INMATES THROUGH CRUEL AND UNUSUAL PUNISHMENT. BOTH OFFICIALS DENIED PLAINTIFFS GRIEVANCES SAYING THAT STEPHENS CONDUCT DID NOT EFFECT PLAINTIFF PERSONALLY. DUE TO PLAINTIFF FILING COMPLAINTS

5

AGAINST W. STEPHENS; W. STEPHENS IN TURN FABRICATED A DISCIPLINARY REPORT AGAINST JACKSON, CAUSING HIM TO RETURN TO DISCIPLINARY CONFINEMENT FOR 30 DAYS. ON 11/09/2010 PLAINTIFF FILED A GRIEVANCE AGAINST SGT. RAEZ, W. STEPHENS IMMEDIATE SUPERVISOR AS BOTH STEPHENS AND RAEZ WORKED TOGETHER TO VIOLATE THE INMATES RIGHTS, AND SGT. RAEZ THREATENED TO DO THIS TO THE PLAINTIFF. THIS GRIEVANCE ALSO WAS DENIED BY R. BURCH GRIEVANCE COORDINATOR AS IT WAS SAID THAT PLAINTIFF DID NOT FILE PROPERLY. TO WIT, PLAINTIFF WAS SUPPOSED TO FILE TO LT. DJERMEYER. 11/23/2010 PLAINTIFF WENT TO DISCIPLINARY HEARING REGARDING DISCIPLINARY REPORT FROM OFFICER W. STEPHENS. PLAINTIFF PLED NOT GUILTY TO THE CHARGE AND ATTEMPTED TO PRESENT WITNESSES AND EVIDENCE TO DISPUTE THE STATEMENT OF FACTS AND MAKE OUT HIS CLAIMS OF RETALIATION. PLAINTIFFS REQUESTS AND EVIDENCE WERE DENIED. DISCIPLINARY TEAM CONSISTING OF LT. W.C. SHANER, AND CLASSIFICATION OFFICER S.S. DOVE FOUND PLAINTIFF GUILTY AND SENTENCED HIM TO 30 DAYS DISCIPLINARY CONFINEMENT. PLAINTIFF APPEALED DECISION TO THE WARDEN AND TO SECRETARY WALTER MCNEIL. GREENE. C. CENTRAL OFFICE GRIEVANCE COORDINATOR DENIED APPEALS, ALONG WITH R. BURCH. THEREBY PLAINTIFF LOST HIS LIBERTY 30 DAYS FOR FILING GRIEVANCES.

3. ON 11/30/2010 A "SHAKEDOWN" CELL SEARCH WAS CONDUCTED @ APPROX 5:30 PM. A TEAM CONSISTING OF OFFICERS BOATRIGHT, CONNER, P. WILLIAMS, D. CROSSGROVE, AND OTHERS SEARCHED WING 1 OF FOXTROT DORMITORY BECAUSE ALLEGEDLY THE PLAINTIFF AND HIS ROOMMATE WERE BEING DISRUPTIVE BY MAKING NOISE. DURING THIS SEARCH PLAINTIFF PROPERTY AND LEGAL DOCUMENTS WERE DESTROYED AND THROWN AROUND THE ROOM AND OTHER

6

PROPERTY WAS CONFISCATED. WHICH WAS APPROXIMATELY 200 OR MORE STAMPS. PLAINTIFF PROTESTED TO THESE OFFICERS ACTIONS AND DEMANDED TO SEE A SUPERVISOR. BECAUSE OF PLAINTIFF PROTESTS OTHER INMATES BEGAN TO PROTEST AS WELL. AT THAT POINT OFFICER P. WILLIAMS CAME TO PLAINTIFF CELL DOOR AND SCREAMED A NUMBER OF THREATS, CURSES, AND OBSCENITIES. PLAINTIFF TOLD OFFICER P. WILLIAMS THAT HE WOULD BE SUBMITTING A NUMBER OF GRIEVANCES ABOUT THIS INCIDENT AND OFFICER REPLIED ONLY WITH MORE THREATS, CURSES AND OBSCENITIES. THE FOLLOWING DAY 12/01/2010 PLAINTIFF ATTEMPTED TO SUBMIT MULTIPLE GRIEVANCES ABOUT OFFICIALS ACTIONS THE DAY BEFORE. YET OFFICER P. WILLIAMS REFUSED TO ALLOW PLAINTIFF TO FILE THEM. PLAINTIFF MERELY WAITED UNTIL THIS OFFICER WAS NOT WORKING TO FILE HIS GRIEVANCES. ON 12/13/2010 OFFICER P. WILLIAMS ONCE AGAIN DENIED PLAINTIFF HIS RIGHT TO FILE GRIEVANCES AND CURSED AND THREATENED PLAINTIFF ABOUT FILING GRIEVANCES AGAINST HIM AND OTHER STAFF MEMBERS. THIS VERY DAY SAID OFFICER FABRICATED A DISCIPLINARY REPORT AGAINST PLAINTIFF FOR DISRESPECT TO AN OFFICIAL. THIS REPORT WAS IN FACT WRITTEN TO PUNISH PLAINTIFF FOR WRITING GRIEVANCES. ON 12/21/2010 PLAINTIFF WENT TO DISCIPLINARY HEARING AND PLED NOT GUILTY. PLAINTIFF ONCE AGAIN ATTEMPTED TO PRESENT WITNESSES AND EVIDENCE IN HIS BEHALF TO DISPUTE THE OFFICER STATEMENT OF FACTS AGAINST HIM

OR LEGAL MAIL ONLY

AND TO MAKE-OUT HIS CLAIMS OF RETALIATION. DISCIPLINARY TEAM CONSISTING OF SS. DOVE, SGT. G. CRUICKSHANK, AND LT. W.L. GIELOW RULED ALL WITNESSES AND EVIDENCE INCLUDING PLAINTIFF GRIEVANCES AS IRRELEVANT. PLAINTIFF WAS FOUND GUILTY AND WAS SENTENCED TO 30 DAYS DISCIPLINARY CONFINEMENT. PLAINTIFF APPEALED THE TEAMS DECISION TO THE WARDEN AND TO SECRETARY MCNEIL. R. BURCH AND E. STINE RESPONDING ON THEIR BEHALF, DENIED PLAINTIFFS APPEAL. THEREBY PLAINTIFF LOST HIS LIBERTY AGAIN FOR FILING GRIEVANCES.

4. ON 01/03/2011 PURSUANT TO THREATS MADE BY OFFICER P. WILLIAMS AND OFFICER D. CARTER PLAINTIFF WAS WRITTEN YET ANOTHER FABRICATED DISCIPLINARY REPORT. SAID REPORT WAS NOT DELIVERED UNTIL 01/07/2011 AT 11:23 AM. ON 01/03/2011 AT APPROX 5:30 PM OFFICER D. CARTER ALONG WITH OFFICER YEEDER BEFORE GIVING PLAINTIFF NOTICE OF CHARGES OR A HEARING SEIZED ALL PROPERTY FROM THE PLAINTIFF EXCEPT HIS UNDERWEAR. TO INCLUDE LINEN, MATTRESS, PILLOW, SHOES, CLOTHING, AND ALL HYGIENE ITEMS. PLAINTIFF WAS HANDCUFFED

OR LEGAL MAIL ONLY

AND IN THE SHOWER AT THE TIME THESE OFFICERS "STRIPPED" HIM. HE THEN REFUSED TO COME OUT OF THE SHOWER UNTIL A SUPERVISOR CAME AND APPROVED THIS PUNISHMENT AS IT WAS 30° DEGREES OUTSIDE AND THE HEAT DOES NOT WORK IN THE CELLS. AT THAT TIME SGT. C. STEENE CAME AND SPOKE TO PLAINTIFF. SGT. C. STEENE STATED THAT PLAINTIFF'S GRIEVANCES HAD "SPARKED SOMEBODY'S INTEREST," AND THAT HE HAD BEEN ORDERED TO PUT PLAINTIFF ON STRIP BY HIS SUPERVISOR." SUPERVISOR OF SGT. C. STEENE IS CAPTAIN LEE. PLAINTIFF THEN ACCEPTED THE PUNISHMENT AND PROCEEDED TO THE EMPTY 30° DEGREE CELL IN HIS UNDERWEAR. PLAINTIFF WAS NOT AT ANY TIME INFORMED OF HOW LONG THIS WOULD LAST EXACTLY. INSTEAD HE WAS TOLD "UNTIL YOU LEARN TO STOP WRITING THEM DAMN GRIEVANCES." PLAINTIFF OBSERVED THAT THE ROOM HAD NO FURNISHINGS EXCEPT A METAL BUNK AND A TOILET AND TABLE AND DESK. PLAINTIFF WAS NOT PERMITTED TO HAVE ANYTHING WHATSOEVER TO COMBAT THE COLD TEMPERATURES. PLAINTIFF WAS FORCED TO SUFFER THIS

OR LEGAL MAIL ONLY?

UNTIL 01/08/2011 AND PLAINTIFF WAS ENTIRELY RESTRICTED FROM MAIL, HYGIENE ITEMS, CLOTHING, BEDDING, LINEN, OUTDOOR EXERCISE, VISITATION, CANTEEN, TELEPHONE, AND DID NOT EVEN GET A SHOWER UNTIL 01/08/2011.

5. ON 01/05/2010 @ APPROX 8:58 AM AND PURSUANT TO THE THREATS OF LT. ZICK, LT. W.L. GIELOW, AND OFFICIALS FROM OFFICER P. WILLIAMS SHIFT. PLAINTIFF WAS GIVEN THE "SANTA ROSA HOOKUP" TO WIT, PLAINTIFF WAS DRENCHED IN CHEMICAL AGENTS. BEFORE BEING DRENCHED LT. DIERMEYER APPROACHED PLAINTIFF AND STATED THE HE WAS THE SUPERVISOR THAT ORDERED PLAINTIFF TO BE "STRIPPED" AND THAT HE WAS GOING TO "GAS" PLAINTIFF BECAUSE PLAINTIFF WAS AN (F-WORD) LIAR. CHEMICAL AGENTS CREATED A BURNING, FREEZING SENSATION AS PLAINTIFF BODY WAS NUMB FROM THE ROOM TEMPERATURE. PLAINTIFF BODY BURNED FROM HIS EYES TO HIS PRIVATE GENITAL AREAS. PLAINTIFF THEN AFTER BEING IN THE COLD FOR ALMOST 2 DAYS WAS FORCED TO TAKE A COLD SHOWER TO RESTORE HIS EYESIGHT. SGT. R.L. WILSON THE OFFICIAL THAT OPERATED THE CHEMICAL AGENTS THEN TOLD THE PLAINTIFF TO "STOP WRITING UP STUFF" AND PUT

Plaintiff back into his cell. Plaintiff complained that this treatment was illegal to multiple officials but specifically to Officer A. Quick and Officer Farrell. Neither official performed their official duty to protect plaintiff from harm nor lifted a finger to aid him. On 01/07/2011 plaintiff was provided a copy of the charges by Officer C. Smith. This officer serves the charges to the inmates. Officer C. Smith knew that plaintiff again lost his liberty and property and also suffered bodily harm due to filing grievances.

To conclude, plaintiff has filed over 120 grievances against Santa Rosa CI officials and other officials of the Florida Dept. of Corrections. As a result, he was put into a room under inclimate conditions for 3 days; and attacked with chemical weapons. Officials acted together to deny plaintiff every basic right he could possibly have. Officials acted knowingly, intentionally and deliberately. Timothy Cannon is regional director of Santa Rosa CI and allowed staff to commit these crimes.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

PLAINTIFF WAS DENIED PROPERTY WITHOUT DUE PROCESS OF LAW. PLAINTIFF WAS DENIED THE RIGHT TO EQUAL PROTECTION OF THE LAWS. 14th AMENDMENT. PLAINTIFF RIGHTS AGAINST CRUEL AND UNUSUAL PUNISHMENT/CONDITIONS OF CONFINEMENT WERE VIOLATED. 8th AMENDMENT. PLAINTIFF WAS DENIED LIBERTY WITHOUT DUE PROCESS. PLAINTIFF WAS DENIED THE RIGHT OF ACCESS TO THE COURTS AND RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

PLAINTIFF SEEKS MONETARY DAMAGES IN THE AMOUNT OF $1,985,000.00, DECLARATORY AND INJUNCTIVE RELIEF.

TO CLARIFY, $1,985,000.00 MONETARY DAMAGES

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

01/13/2011
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the **13** day of **JANUARY**, 20**11**.

_____
(Signature of Plaintiff)

Revised 03/07

7