IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY MARKIECE JACKSON,
    Plaintiff,

vs.                                         Case No. 3:11cv22/MCR/EMT

WALTER McNEIL, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

       This case is before the court upon Plaintiff's second amended complaint filed pursuant to 42 U.S.C. § 1983 (doc. 24).  A cursory review of this pleading reveals that Plaintiff has failed to comply with the court's specific instructions in preparing his most recent amended complaint.  In the court's previous order, it warned Plaintiff that dismissal would be warranted if Plaintiff continued to fail to comply with the court's directives (*see* doc. 16).  Dismissal of this action is therefore warranted.

       Plaintiff is an inmate in the Florida Department of Corrections serving a thirty-year sentence for first degree murder, premeditated (or attempted first degree murder), robbery with a gun or deadly weapon, and aggravated battery with a deadly weapon.[1]  He is currently incarcerated at the Orange County Jail, although he was incarcerated at Santa Rosa Correctional Institution ("SRCI") at the time of the events giving rise to this complaint, and at the Florida State Prison at the time he filed his second amended complaint.  He names twenty-two Defendants in this complaint including former Florida Department of Corrections ("DOC") Secretary Buss, former DOC Secretary McNeil, several DOC central office employees, SRCI Warden Tifft, and numerous correctional officers and investigators at SRCI.  Plaintiff asserts that after his arrival at SRCI in June of 2010, he filed

---

       [1] *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=10&From=list&SessionID=1065687392.

numerous grievances[2] (doc. 24 at 10). As a result, he alleges that he was harassed, threatened, treated disrespectfully, subjected to false disciplinary reports, placed in disciplinary confinement for six months, denied outdoor exercise, assaulted with chemical weapons, and driven "to insanity" (*id.* at 10–23). He claims that the various administrative officials denied or ignored his grievances, thus allowing the allegedly retaliatory conduct to continue. He seeks declaratory and injunctive relief, nominal, compensatory and punitive damages, and a "prisoner release order" (doc. 24 at 25).

The specific allegations in Plaintiff's complaint encompass the time period from November of 2010 through January of 2011. As the court noted in its previous two orders, Plaintiff signed his initial complaint on January 13, 2011, thus raising the question of exhaustion. As Plaintiff was advised (doc. 10 at 3; doc. 16 at 1–2), failure to have exhausted administrative remedies prior to filing suit is grounds for dismissal of Plaintiff's case, or at least each claim that has not been properly exhausted. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005); Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which plaintiffs seek only monetary damages. Woodford v. Ngo, 548 U.S. 81, 85 (2006); Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001); Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005). Courts have no discretion to waive this requirement. Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008). The purposes for administrative exhaustion are twofold. First, exhaustion protects "administrative agency authority," giving agencies the opportunity to correct their own mistakes before being haled into federal court. Woodford, 548 U.S. at 89. Second, it promotes efficiency, in that claims can generally be resolved more quickly and economically in proceedings before an agency than in federal court. *Id.* The Prison Litigation Reform Act ("PLRA") exhaustion requirement requires full and proper exhaustion of an inmate's claims, which means that a prisoner must comply with the procedural rules of the institution's grievance system. *Id*. at 92. And as noted above, it is well established that this compliance must occur **before** Plaintiff files suit, or his claims are subject to dismissal without prejudice.

---

[2] In a previous version of his complaint he placed the number at 228 grievances (doc. 14 at 11).

Case No: 3:11cv22/MCR/EMT

The court previously explained that pursuant to Chapter 33-103 of the Florida Administrative Code, a multi-tiered grievance procedure is encompassed in the exhaustion requirement. Except in certain limited cases, inmates must first utilize an informal grievance procedure. Ch. 33-103.005, F.A.C. The next level of review is a formal grievance to the warden or assistant warden. Ch. 33-103.006, F.A.C. Finally, an inmate may appeal to the Office of the Secretary. Ch. 33-103.007, F.A.C. In order to exhaust the grievance process, an inmate must avail himself of all levels of review, and the filing of untimely grievances does not satisfy the exhaustion requirement. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005). Despite Plaintiff's sworn assertion that his claims were properly exhausted, any claims concerning incidents that occurred in January 2011, for instance those related to the allegedly unlawful use of chemical agents, probably the most serious of Plaintiff's claims, could not have been exhausted before Plaintiff filed this case. Likewise, due to the time typically required to complete the full grievance process, it would be unusual for claims that accrued in December or even November to have passed through all levels of the grievance procedure set forth above, prior to the January 13, 2011 filing date. Plaintiff was previously expressly admonished that if he wished to pursue this action, he needed to omit any and all allegations regarding claims that were not fully exhausted before January 13, 2011 from his complaint,[3] and that until he did this, the court would not further review his complaint (doc. 16 at 3, 4). He clearly disregarded the court's directive, as pages seventeen through twenty of the instant complaint (doc. 24) deal with his placement on "strip" on January 3, 2011, and the allegedly unwarranted use of force via the application of chemical agents two days later, or eight days before he filed his original complaint in this case. Furthermore, the grievances attached to the second amended complaint do not establish that he completed exhaustion of the entire administrative remedy process before filing suit. Thus, his complaint is subject to dismissal on this ground.

Additionally, in the court's previous order, it noted that Plaintiff revealed on the complaint form that he had filed a "mandamus" action in state court concerning the "exact claims of the present federal case" (*see* doc. 16 at 3). The court informed Plaintiff that it would be inappropriate for state and federal courts to simultaneously consider the "exact claims" and directed Plaintiff to provide

---

[3] This is not to say that these claims cannot be pursued in a case that is initiated after Plaintiff satisfied the administrative exhaustion requirements; he is merely barred from pursuing them in this action.

Case No: 3:11cv22/MCR/EMT

sufficient detail about the other case to determine whether abstention, dismissal, or some other action may be appropriate (*id.*). Despite this instruction, Plaintiff has failed to provide any meaningful detail about the two cases pending in state court in which he admits that he raises "the exact claims of the present federal case" or "all issues presented in this case" (doc. 24 at 6, 7).

Plaintiff's failure to comply with the court's explicit instructions are alone enough to warrant dismissal of this action. The court also notes, however, that Plaintiff requests relief to which he would not be entitled.[4] During the pendency of this action, Plaintiff was transferred from SRCI, and although he has been in at least two other DOC facilities, he currently is in custody at the Orange County Jail (*see* doc. 28). Therefore, Plaintiff's claims for injunctive relief against employees of SRCI are moot. *See* Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) (generally, transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief; prisoner's release and return to prison meant claim was not moot); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); Tucker v. Phyfer, 819 F.2d 1030, 1035 (11th Cir. 1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); Wahl v. McIver, 773 F.2d 1169, 1173 (11h Cir. 1985) (per curiam) (a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief"); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers). *Cf.* Johnson v. Turpin, 2001 WL 520804 (11th Cir. 2001) (prisoner's claim for injunctive relief not moot because he was still within the state prison system and subject to being returned to facility where alleged violations took place).

Furthermore, Plaintiff has requested a "prisoner release order," relief to which he also is not entitled. The Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking

---

[4] Plaintiff has also made allegations which do not rise to the level of a viable constitutional claim, but a substantive analysis of those allegations is beyond the scope of this recommendation.

Case No: 3:11cv22/MCR/EMT

the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label a plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosely, 693 F.2d at 1054, 1057 (11th Cir. 1982). The court does not have jurisdiction to order Plaintiff's release from custody as part of a civil rights claim.

Finally, although Plaintiff's request for damages is not entirely clear, it appears that he may seek to recover monetary damages from Defendants in their official capacities. Absent waiver or express congressional abrogation, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *See* Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 765–78 (2002); Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Gamble v. Florida Department of Heath and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986). A suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Thus, to the extent Plaintiff sues Defendants in their official capacities, the Defendants are entitled to Eleventh Amendment immunity. A plaintiff may not bring a § 1983 action for monetary damages against the state or state officials in their official capacities. Miller v. King, 384 F.3d 1248 (11th Cir. 2004).[5]

Accordingly, it is respectfully **RECOMMENDED**:

That this case be dismissed without prejudice for Plaintiff's failure to comply with a court order and for Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

At Pensacola, Florida 2nd day of March 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] State officials in their official capacities are not immune from claims for prospective declaratory or injunctive relief. Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007); Miller v. King, 384 F.3d 1248 (11th Cir. 2004) (citing Will, 491 U.S. 58, 71 n.10, 109 S. Ct. 2304, 2312 n.10 105 L. Ed. 2d 45 (1989) (citing Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 3106 n.14, 87 L. Ed. 2d 114 (1985)); Ex parte Young, 209 U.S. 123, 159–60, 28 S. Ct. 441, 453–54, 52 L. Ed. 714 (1908); *see* Edwards v. Wallace Community College, 49 F.3d 1517, 1524 (11th Cir.1995); Stevens v. Gay, 864 F.2d 113, 114–15 (11th Cir. 1989)). Eleventh Amendment immunity would not preclude Plaintiff's individual capacity claims (*see* doc. 24 at 1).